UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IOSIF GHIMBASAN and : 
MARIANNA GHIMBASAN, :
    Plaintiffs, :
     :
v. : CIVIL ACTION NO.
     : 3:10-cv-1178 (VLB)
S&H EXPRESS, INC. and :
JEFFREY RICE, :
    Defendants. : September 1, 2011

**MEMORANDUM OF DECISION GRANTING IN PART AND DENYING IN PART DEFENDANTS' [DKT. # 11] MOTION TO DISMISS COUNTS THREE, FOUR, SIX, NINE, TEN AND TWELVE OF PLAINTIFF'S COMPLAINT**

Iosif and Marianna Ghimbasan ("Plaintiffs"), bring this action for damages against the Defendants, S&H Express Inc. ("S&H Express") and Jeffrey Rice ("Rice"). Plaintiffs' allegations include claims of statutory negligence pursuant to Conn. Gen. Stat. §14-295 against Rice (Count Three) asserting that Rice caused an accident by recklessly stopping his vehicle in the center of the highway following a prior collision, and a derivative claim of loss of consortium pursuant to §14-295 against Rice (Count Nine).

Additionally, Plaintiffs assert a cause of action for statutory recklessness pursuant to Conn. Gen. Stat. §14-295 against S&H Express under a theory of vicarious liability on the basis that Defendant Rice was acting in his capacity as an S&H Express employee at the time of the accident. Moreover, under this theory of vicarious liability, Plaintiffs seek to recover for loss of consortium against S&H on the basis of the alleged recklessness of Defendant Rice (Count Ten).

Plaintiffs further allege reckless entrustment/hiring/training/retention against S&H Express (Count Six) in hiring, allowing, and entrusting Rice to operate an S&H Express tractor-trailer when they knew or should have known that he did not have the necessary experience or training to operate the vehicle safely. Plaintiffs also seek to recover against S&H for loss of consortium as a result of damages sustained due to S&H's alleged reckless entrustment/hiring/training/retention claim against S&H Express (Count Twelve).

Currently pending before the Court is a Motion to Dismiss Counts Three, Four, Six, Nine, Ten, and Twelve of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. #11].

## I. *Factual & Procedural Background*

On or about June 26, 2008, Plaintiff Iosif Ghimbasan was operating a tractor-trailer traveling eastbound on I-84 just east of Exit 32 in Southington, Connecticut. [Dkt.#1, Ex. A, Pl. Compl., ¶1]. At approximately 2:45 a.m., prior to the arrival of Mr. Ghimbasan, Cassondra Breedlove ("Breedlove") was operating a 1997 Saturn also traveling eastbound on I-84 just east of Exit 32 in Southington, Connecticut. *Id.* at ¶5. At the same time and place, defendant Jeffrey Rice ("Rice") was operating a tractor and a semi-trailer ("S&H Express tractor-trailer") traveling eastbound on I-84. *Id.* at ¶6. Rice drove behind Breedlove while operating the tractor-trailer under the motor carrier authority of his employer, S&H Express, Inc. ("S&H Express"), a Pennsylvania corporation and interstate motor carrier. *Id.* at ¶¶6-7. Defendant Rice collided with the back of Breedlove's Saturn and stopped the S&H Express tractor-trailer near the center lane of the

highway. [Dkt. #1, Ex. A, Pl. Compl., ¶¶8-9]. Breedlove parked her Saturn on the shoulder of I-84, off the travel portion of the road, and stepped out of the vehicle. *Id.* at ¶9. Subsequently, Iosif Ghimbasan swerved in an attempt to avoid the S&H Express tractor-trailer and struck Breedlove with his vehicle. *Id.* at ¶11. Iosif Ghimbasan alleges that as a direct and proximate result of Rice's actions he sustained injuries including back pain, cervical sprain, mental pain and anguish, and post-traumatic stress disorder. *Id.* at ¶19. His wife, Marianna Ghimbasan, alleges that as a direct and proximate result of Rice's actions, which allegedly caused the damages and losses sustained by her husband Iosif Ghimbasan, she has been deprived of and in the future will be deprived of the services, financial support, companionship, consortium, affection, moral support, society and physical intimacies of their spousal relationship. *Id.* at ¶22.

Plaintiffs initially filed this action against S&H Express, Inc., and Rice in the Superior Court of the State of Connecticut, Judicial District of New Britain on July 15, 2010 with the assigned Docket Number HHB-CV10-6005979-S. S&H Express and Rice successfully filed a notice of removal to District Court on July 23, 2010. On December 21, 2010, pursuant to Fed. R. Civ. P. 12(b)(6), Defendants S&H Express and Rice filed a Motion to Dismiss Counts Three, Four, Six, Nine, Ten, and Twelve of Plaintiffs' Complaint for failure to state claims upon which relief may be granted.

## II. *Standard of Review*

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to

relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (internal quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949-50). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks omitted).

III. *Discussion*

A. *Counts Three and Nine: Statutory Recklessness Pursuant to Conn. Gen. Stat. §14-295 and Loss of Consortium due to Statutory Recklessness Pursuant to Conn. Gen. Stat. §14-295*

Plaintiffs assert a cause of action for recklessness against Defendant Rice under §14-295 alleging that Defendant Rice "caused the S&H Express tractor-trailer to collide with the back of the Breedlove Saturn" [Dkt. #1, Ex. A, Pl. Compl., Count One, ¶9]. Plaintiffs further assert that as a direct and proximate result of the actions of Defendants', Plaintiff Iosif Ghimbasan sustained serious physical and mental injuries. *Id.* at ¶14.

According to Conn. Gen. Stat. §14-295:

> In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section §14-218a [operated trailer at unreasonable speed in light of circumstances], §14-219 [operated trailer at excessive speed], §14-222 [operated trailer recklessly] [ . . .] or §14-240a [following decedent's motor vehicle too closely with the intent to harass or intimidate], and that such violation was a substantial factor in causing such injury, death, or damage to property. The owner of a rental or leased motor vehicle shall not be responsible for such damage unless the damage arose from such owner's operation of the motor vehicle.

As set forth in the statute, the essential components of a properly pleaded statutory recklessness claim under §14-295 include: deliberate or reckless operation; violation of one or more of the listed statutes; and that the violation was a substantial factor in causing the injury.

As a preliminary matter, although Defendants assert that two unrelated accidents occurred (one between Breedlove and Defendant Rice and another between Defendant Rice and Plaintiff Iosif Ghimbasan), Plaintiffs' pleadings plausibly allege that all events occurred "at said time and place" as one accident, when Plaintiff Iosif Ghimbasan swerved in an attempt to avoid the S&H Express tractor-trailer and struck Breedlove. [Dkt. #1, Ex. A, Pl. Compl., ¶¶6-10]. When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and decide whether it is plausible that the plaintiff has a valid claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir. 1996).

Defendants Rice and S&H Express' principal challenge to Plaintiffs' claim of statutory recklessness and the derivative claim of loss of consortium asserts that Plaintiffs' allegation that defendant Rice's vehicle was stopped in the road at the time of the collision precludes them from relief because §14-295 requires deliberate or reckless "operation" of a motor vehicle. However, Connecticut case law has long and consistently established a very broad definition of "operation" such that "operation of a motor vehicle occurs when there is a setting in motion of the operative machinery of the vehicle, or there is a movement of the vehicle, or there is a circumstance resulting from that movement or an activity incident to the movement of the vehicle from one place to another." *Rivera v. Fox*, 20 Conn.App. 619, at 623 (1990) (holding that defendant's truck was "operating"

under Conn. Gen. Stat. §52-556 despite being stationary and unoccupied but partly in shoulder of road during a collision between a motor vehicle and defendant's truck); *State v. Haight*, 88 Conn. App. 235, 239 (2005) ( "[o]ne need not drive a vehicle to operate it"). Moreover, the Supreme Court of Connecticut has clearly established that parking a motor vehicle in a roadway falls within the definition of "operation" under Connecticut statutes. See *Hicks v. State*, 287 Conn. 421, 435 (2008) ("the term 'operation' encompasses both parking incident to travel and movement") (citing *Allison v. Manetta*, 84 Conn.App 535, 536 (2004).

In *Allison v. Manetta*, presenting facts very similar to the instant case, the plaintiff was injured when her motor vehicle was struck by a tractor-trailer that maneuvered into her lane in order to pass a state truck parked partially on the road. 84 Conn. App at 536-37. The Connecticut Appellate Court affirmed the trial court's jury instruction that if the state employee had "parked the state truck as an activity incident to moving it from one place to another along his designated maintenance route to fulfill his responsibilities, he was operating the truck as that word was used in §52-556, even though the truck was parked and he was outside of it at the time of the accident." *Id.* at 542. Similarly, in *Hicks v. State*, the court found that the record was "replete with evidence" that plaintiff had advanced "a theory of negligent operation encompassing both parking incident to travel *and* movement," where plaintiff crashed his truck into a guardrail after having to swerve out of the way to avoid colliding with a state dump truck stopped in the roadway just after a curve. 287 Conn. at 427. Accordingly, here, where Defendant Rice's tractor-trailer was stopped in the middle of the road as an activity incident

to the accident with Breedlove that occurred during his delivery route as an S&H Express employee, Defendant Rice was operating his vehicle at the time of the accident with plaintiff Iosif Ghimbasan. *Id.* at 537.

The facts of the present case are distinguishable from the facts in the lower court cases relied upon by the Defendants to suggest that a parked vehicle cannot constitute "operation" under Conn. Gen. Stat. §14-295. In *Ramos v. Pratt Gallimore Trucking et al.,* the plaintiff alleged that the defendant was reckless under Conn. Gen. Stat. §14-295 for a violation of Conn. Gen. Stat. §14-222 because the defendant parked a tractor-trailer on the right side of a right-of-way on a highway, and plaintiff/decedent's vehicle struck the tractor-trailer, causing the decedent's injury and death. No. CV030177457S, 2005 WL 1971283, at *1-2 (Conn.Super. July 21, 2005). The Superior Court determined the plaintiff's allegations that the defendant was parked on the side of the road at the time of the incident rendered it impossible for the defendant to violate the reckless driving statute [§14-222]. *Id.* at *3. The plaintiff did not allege any other facts to support her allegation that the defendant violated §14-222. *Id.*

Similarly, in *State v. Haight*, the court held that a parked vehicle, absent evidence that the key was in the vehicle's ignition in the "on" or "start" position, was not "in operation." 88 Conn. App. 235, 869 A.2d 251 (March 2005). In *Haight*, the Defendant was observed in his vehicle with the keys in the ignition, and was subsequently found to be intoxicated. The Defendant was not observed at any time with the vehicle in motion. *Id.* at 240.

Here, the circumstances of Plaintiffs' claim are more closely analogous to those in *Rivera* than those in *Haight* or *Ramos*. Defendant Rice's S&H Express tractor-trailer abruptly stopped in the middle of a multi-lane highway as the result of a collision that occurred during a course of vehicular movement while making a delivery for S&H Express. [Dkt. #1, Ex. A, Pl. Compl., ¶9]. These facts are in stark contrast with the facts in *Ramos*, where the defendant had pulled off of the road, out of the way of traffic and had come to a complete, natural and intentional stop. Whereas a vehicle parked intentionally and without emergency conditions on the side of the road may not be "in operation" for purposes of a recklessness claim under §14-222 (as in *Ramos*), a vehicle abruptly stopped in the middle of a highway falls squarely within the definition of "operation," as a "circumstance resulting from that movement or an activity incident to the movement of the vehicle from one place to another." *Rivera*, 20 Conn. App. at 623 (1990).

In Count Nine, Plaintiff Marianna Ghimbasan asserts that due to Defendant Rice's alleged statutory recklessness pursuant to Conn. Gen. Stat. §14-295, her husband, Plaintiff Iosif Ghimbasan sustained injuries resulting in the loss of consortium. Both Plaintiffs and Defendants agree that in Connecticut, actions for loss of consortium are derivative causes of action dependent on the legal existence of the predicate action. *Champagne v. Raybestos-Manhattan, Inc.*, 212 Conn. 509, 555-56 (Conn. 1989) ("a cause of action for the loss of consortium is 'derivative of the injured spouse's cause of action'") (quoting *Hopson v. St. Mary's Hospital*, 176 Conn. 485, 494 (Conn. 1979). Accordingly, where Plaintiff has alleged facts sufficient to state a claim of statutory recklessness under Conn.

Gen. Stat. §14-295, the Plaintiff's claim for loss of consortium may also proceed. Therefore, Defendants' motion to dismiss counts three and nine must be denied.

### B. Counts Four and Ten: Vicarious Liability for Statutory Recklessness pursuant to Conn. Gen. Stat. §14-295 and Loss of Consortium

Plaintiffs allege that S&H Express is vicariously liable for defendant Rice's statutory recklessness pursuant to Conn. Gen. Stat. §14-295. [Dkt. #1, Ex. A, Pl. Compl., Count Four]. Count Four incorporates the allegations of statutory recklessness against defendant Rice under Count Three of the Complaint, claiming that Rice deliberately or with reckless disregard operated his tractor-trailer in violation of Conn. Gen. Stat. §§14-218a, 14-219, 14-222, and/or 14-240a, and that such conduct was a substantial factor in causing Plaintiffs' injuries, and asserts that S&H Express is vicariously liable for the alleged statutory recklessness on the basis that: 1) at all material times, defendant Rice operated the S&H Express tractor-trailer as S&H's agent and/or employee, with S&H's knowledge, consent and permission, *see* [Dkt. #1, Ex. A, Pl. Compl., Count Four, ¶¶ 21, 24]; 2) S&H exercised exclusive control over Defendant Rice's job performance, operation of the tractor-trailer and, had exclusive control over who was allowed to operate the tractor-trailer, *see Id.* at ¶¶ 25, 22, 23; and 3) that Rice was operating the tractor trailer as the agent of S&H under Conn. Gen. Stat. §52-183, *see id.* at ¶ 26.

In Count Ten, Plaintiff Marianna Ghimbasan asserts in derivation that S&H is vicariously liable for the loss of the consortium of her spouse, Plaintiff Iosif Ghimbasan, due to injuries sustained as a result of Defendant Rice's alleged

statutory recklessness pursuant to Conn. Gen. Stat. §14-295. [Dkt. #1, Ex. A, Pl. Compl., Count Twelve, ¶ 24].

As another court in this district recently explained in *Hronis v. EBO Logistics, LLC*, 641 F.Supp.2d 139, the Connecticut Supreme Court has directly addressed whether under Connecticut law, an employer/owner of a vehicle can be held vicariously liable for punitive damages arising from an employee's reckless conduct in the operation of a vehicle. In *Matthiessen v. Vanech*, the Supreme Court held that "an employer is not vicariously liable for punitive damages arising out of the conduct of his employee" and "that under the common-law doctrine, the owner of a motor vehicle is not vicariously liable for punitive damages resulting from the driver's reckless operation of the vehicle." 266 Conn. 822, 837, 841, 836 A.2d 394 (2003).

In reaching this conclusion, the court first noted that "at common law, there is no vicarious liability for punitive damages." *Id.* at 837. The court then considered whether Conn. Gen. Stat. §52-183 abrogates this common law prohibition against vicarious liability for punitive damages, ultimately concluding that it did not. Although the court recognized the legislature's authority to abrogate common law, the court declined to impute such an intent, noting that:

> "[w]hen a statute is in derogation of common law ... it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of [statutory] construction.... In determining whether or not a statute abrogates or modifies a common law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly brought within its scope.... Although the legislature may eliminate a common law right by statute, the presumption that the legislature does not have such a purpose can be overcome only if the legislative intent is clearly and plainly

> expressed.... The rule that statutes in derogation of the common law are strictly construed can be seen to serve the same policy of continuity and stability in the legal system as the doctrine of stare decisis in relation to case law." *Id.* at 838-39.

Therefore, the court held that while owners and employers may be held vicariously liable for compensatory damages, "§51-183 does not abrogate the common-law principle that punitive damages may not be assessed against parties whom the law holds vicariously liable for the acts of others." *Id.* at 843.

Following the Connecticut Supreme Court's decision in *Matthiessen*, Connecticut courts have diverged in their analysis of whether or not Conn. Gen. Stat. §14-295 allows owners/employers to be held vicariously liable for double and treble damages. *Compare Montcreiffe-West v. Transportation General, Inc.*, No. NNH-CV-106012915, 2010 WL 518872 (Conn. Super. Dec. 6, 2010) (barring the recovery of punitive damages under §14-295 against the employer of an agent/taxi driver on the basis that "the recent trend favors precluding the recovery of punitive damages under §14-295 against parties who are only vicariously liable for the acts of others"); *Redding v. Boucher*, No. HHBCV075003381S, 2007 WL 2757364 (Conn. Super. Aug. 22, 2007) (striking plaintiff's claim for punitive damages against the owner of a vehicle on the grounds that punitive damages may not be imposed against someone who is vicariously liable); *Welten v. Ferrera*, No. CV075014334S, 2008 WL 986013 (Conn. Super. Mar. 128, 2008) (holding that because "Section 14-295 does not contain express language rendering all non-operator owners vicariously liable for punitive damages, it cannot therefore, be presumed or implied that the legislature

intended to abrogate common law when enacting §14-295"); *with Otis v. Montesi*, No. CV076002196, 2008 WL 344733 (Conn. Super. Jan. 25, 2008) (holding that "the majority of courts have found allegations asserting vicarious liability for statutory recklessness claims, in an employer-employee context, to be legally sufficient); *Goss v. Wright*, No. CV055001164S, 2006 WL 829432 (Conn. Super. Mar. 15, 2006) (interpreting the 2003 legislative amendments to §14-295 as indicative of the legislature's intent to allow for the imposition of punitive damages against non-operator owners).

Despite this divergence among Superior Court decisions, "a strong trend has developed in applying *Mattheissen*'s broader holding to claims brought under §14-295, thereby barring the recovery of punitive damages against parties who are only variously liable for the acts of others." *Zwicker v. Sabetta*, 2008 WL 544610, at *5; *See also Moncreiffe-West v. Transportation General, Inc.*, 2010 WL 5188762, at *4 (holding that the plain language of §14-295 allows only for punitive damages against one who operates a vehicle and recognizing that "the recent trend favors precluding the recovery of punitive damages under §14-295 against parties who are only vicariously liable for the acts of others"); *Thomas v. Cassetti*, No. CV954003437 (Conn.Super. Oct. 13, 2005) (granting defendant's motion to strike plaintiff's claim for punitive damages under §14-295 against the owner of a vehicle under a theory of vicarious liability finding that "[b]y it's plain language, §14-295 applies only to an operator of a vehicle, and not to its nonoperating owner").

In *Hronis*, the court assessed the divergent case law among Connecticut Superior Courts when reviewing an assertion of vicarious liability for punitive damages on a defendant employer for the allegedly reckless conduct of its employee/agent. 641 F.Supp.2d at 142. The court held, consistent with the trend, that "§14-295 does not abrogate the common-law doctrine prohibiting vicarious liability for punitive damages such as that imposed by §14-295" because neither party evidenced any legislative history of §14-295 nor did the statutory language suggest that indicated the legislature's intention to abrogate the common-law rule or impose vicarious liability. *Id.* at 141.

Connecticut courts have recognized limited exceptions to the bar on punitive damages against vicariously liable non-operator owners/employers under §14-295 consistent with the exceptions codified in the Restatement (Second) of Torts. §909 of the Restatement (Second) of Torts provides that:

> Punitive damages can properly be awarded against a master or other principal because of act by an agent if, but only if, (a) the principal or a managerial agent authorized the doing and the manner of the act, or (b) the agent was unfit and the principal or a managerial agent was reckless in employing or retaining him, or (c) the agent was employed in a managerial capacity and was acting in the scope of employment, or (d) the principal or a managerial agent of the principal ratified or approved the act."

In *Stohlts v. Gilkinson*, the court noted that *Matthiessen*'s prohibition on the imposition of punitive damages applied only to attempts "to award punitive damages against someone who is innocent, and therefore only liable vicariously," and referred to §909 of the Restatement (Second) of Torts as allowing the imposition of punitive damages against a master or other principal in four limited circumstances where the principal was not wholly innocent. 87 Conn.

App. 634, 654-55, 867 A.2d 860, 873-74 (2005). In *Stohlts*, the court found credible evidence that the principal, not the agent, was in control of the harassing conduct at issue, "it was his will that was being imposed, and it was his instructions that were being followed," and thereby found that imposition of punitive damages was possible on the basis of the exceptions to the prohibition on vicarious liability for punitive damages codified in §909 of the Restatement (Second) on Torts. *Id.*

Following *Stohlts*, several Connecticut courts have adopted this approach to allow liability for punitive damages to attach to an employer/owner under §14-295 where the employer/owner was not wholly innocent, but rather contributed to the allegedly reckless behavior in a manner consistent with the four limited exceptions described in §909 of the Restatement (Second) of Torts. *See Hronis*, 641 F.Supp.2d at 141-42 (citing *Stohlts* for the proposition that in certain circumstances, the principal may be held liable for punitive damages "where the principal is being held liable for its own wrongful conduct"); *Zwicker*, 2008 WL 544610, at *6 (granting a motion to strike claims of punitive damages against defendant-employer Federal Express on the basis of vicarious liability alone, where no allegations were made that Federal Express deliberately or recklessly operated the subject vehicle); *Faggio v. Brown*, No. X04CV05403488S, 2007 WL 1893682, (Conn. Super. June 12, 2007) (holding that punitive damages could not be assessed against an employer vicariously unless the employer fit into one of the exceptions outlined in *Stohlts*).

Here, Plaintiffs' have not alleged the necessary wrongful conduct by S&H Express in Count Four as a master who has not behaved innocently. Instead, the

allegations seek to hold S&H Express vicariously liable for the recklessness of its agent, Defendant Rice. [Dkt. #1, Ex. A, Pl. Compl., Count Four]. Although Plaintiffs' allegations in Count Four assert the necessary agency relationship, they fail to allege specific wrongful conduct by S&H Express. *See Hronis*, 641 F.Supp. at 142 (holding that punitive damages may not be imposed against a defendant-employer on the basis of vicarious liability alone, where the plaintiff has made no allegations of wrongful conduct by the defendant-employer). Plaintiffs' allegations of S&H Express's reckless entrustment that include claims of wrongdoing by S&H Express are not included in Count Four. [Dkt. #1, Ex. A, Pl. Compl., Count Six]. Therefore, Plaintiff's claim for punitive damages against S&H Express on the basis of vicarious liability as pleaded must be dismissed.

Both Plaintiffs and Defendants agree that, as noted above, in Connecticut, actions for loss of consortium are derivative causes of action dependent on the legal existence of the predicate action. *Champagne v. Raybestos-Manhattan, Inc.*, 212 Conn. at 555-56; *See also Hopson v. St. Mary's Hospital*, 176 Conn. at 494; *Izzo v. Colonial Penn Ins. Co.*, 203 Conn. at 312. Therefore, because the loss of consortium claim is a derivative cause of action, the derivative claim for loss of consortium must also be dismissed.

### C. Counts Six and Twelve: Reckless Entrustment and Loss of Consortium due to Reckless Entrustment

In Count Six, Plaintiffs allege that Defendant S&H Express is liable for common law reckless entrustment of a motor vehicle on the basis that it hired Defendant Rice and entrusted him with its tractor-trailer when it knew or should

have known it was unsafe to do so and that it allowed Rice to operate said tractor-trailer when it knew or should have known that he had a pattern of negligence or incompetence in the operation of motor vehicles. [Dkt. #1, Ex. A, Pl. Compl., Count Five, ¶ 19]. Plaintiffs further allege that these acts and omissions of S&H were outrageous because of its reckless indifference to the rights of others and/or their intentional and wanton violation of those rights and lead to the accident. *Id.* at Count Six, ¶ 22. In Count Twelve, loss of Plaintiff Iosif Ghimbasan's consortium by his spouse plaintiff Marianna Ghimbasan, is alleged as a direct and proximate consequence of injuries sustained by the former due to S&H's reckless entrustment of the tractor-trailer to Defendant Rice. *Id.* at Count Twelve, ¶ 24.

As noted by another court in this district in *Hronis*, "Connecticut does not recognize a claim for negligent entrustment." 641 F.Supp. at 142 (citing *Anastasia v. Mitsock*, No. CV054012156, 2006 WL 3859230, at *3 ("[r]eckless entrustment of a motor vehicle is not a legally cognizable cause of action in Connecticut") (also citing *Mulllins v. Tuccinardi, Inc.*, No. CV920121700, 1993 WL 242316, at *3 (Conn. Super. June 24, 1993). Although the plaintiff in *Hronis* similarly sought to bring a reckless entrustment claim against the employer-owners of a tractor-trailer after an employee-operator's reckless driving allegedly caused a fatal accident, the District Court did not recognize a new cause of action because "th[e] Court sees no reason not to follow the reasoning of the courts in *Anastacia* and *Mullins*." *Hronis v. EBO*, 641 F.Supp.2d at 142. Therefore, because Connecticut does not

recognize a claim for negligent entrustment of a motor vehicle, Plaintiffs' claim of negligent entrustment must be dismissed.

Actions for loss of consortium are derivative causes of action dependent on the legal existence of the predicate action. *Champagne v. Raybestos-Manhattan, Inc.*, 212 Conn. at 555-56; *See also Hopson v. St. Mary's Hospital*, 176 Conn. at 494; *Izzo v. Colonial Penn Ins. Co.*, 203 Conn. at 312. Accordingly, because the loss of consortium claim is a derivative cause of action and the negligent entrustment claim cannot stand, the derivative claim for loss of consortium must be dismissed as well.

## IV. *Conclusion*

Based upon the foregoing reasoning, Defendants' Motion to dismiss [Doc.#11] is GRANTED as to counts four, six, ten, and twelve of Plaintiffs' Complaint, and DENIED as to counts three, and nine of Plaintiffs' Complaint. Plaintiffs' common law negligence claim against Defendant Rice (Count One), derivative claim for loss of consortium (Count Seven), statutory recklessness claim pursuant to Conn. Gen. Stat. §14-295 against Defendant Rice (Count Three), derivative claim for loss of consortium against Defendant Rice (Count Nine), common law negligence claim against Defendant S&H Express (Count Two), derivative claim for loss of consortium (Count Eight), negligent entrustment/hiring/training/retention claim against Defendant S&H Express (Count Five), and derivative loss of consortium claim (Count Eleven) shall remain extant in accordance with the Court's decision. The remainder of Plaintiff's claims are hereby dismissed.

IT IS SO ORDERED.

                    **/s/**
**Vanessa L. Bryant**
**United States District Judge**

Dated at Hartford, Connecticut: September 1, 2011.